IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRANDON RAY HUBBARD                                                              PLAINTIFF
ADC #658508

v.                                      4:23-cv-00310-BRW-JJV

MIKE SMITH, Sheriff,
Conway County; *et al.*                                                          DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.     INTRODUCTION**

Brandon Ray Hubbard ("Plaintiff") is a prisoner in the Grimes Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights while he was in the Conway County Detention Center ("CCDC"). (Doc. 2.)

**II.    SCREENING**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The

1

court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

Plaintiff, who is a "wheelchair bound amputee," was in the CCDC from January 6 to 13, 2023. (Doc. 2 at 5.) On January 12, 2023, he had an "accident" in the shower that resulted in unspecified injuries. (*Id.*) Plaintiff says he could not file a medical request or grievance because he was unable to reach the kiosks from his wheelchair. (*Id.*) Instead, Plaintiff used the intercom to request help, and Defendants Yangus and Jones responded. Plaintiff then gave these two Defendants a verbal "accident/injury report" but "no action was ever taken." (*Id*. at 6.) The following day, Plaintiff was transferred to the ADC "without ever receiving medical attention" at the CCDC. (*Id.*) After careful consideration, I conclude Plaintiff has failed to state a plausible claim for relief for several reasons.

First, Plaintiff says Defendants have prevented him from filing a grievance about the accident and lack of medical care. But it is well settled that prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002)*; Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Second, Plaintiff requests a variety of injunctive relief seeking to make the CCDC handicapped accessible. But because he is no longer being held there, Plaintiff does not have standing to seek such relief. *See Zajrael v. Harmon*, 677 F.3d 353, 354 (8th Cir. 2012) (a request for injunctive relief is rendered moot by a prisoner's transfer to another facility); *Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020) (to establish standing "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable

decision").

Third, it appears Plaintiff is alleging Defendants Yangus and Jones violated his constitutional right to receive adequate medical care. The threshold for pleading such a claim is high. Specifically, the Complaint must contain facts suggesting: (1) Plaintiff had an objectively serious need for medical care; and (2) Defendants Yangus and Jones subjectively knew of, but deliberately disregarded, that serious medical need. *See Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021); *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). Plaintiff's allegations fall short on both elements. Plaintiff has not explained what injuries he sustained in his January 12, 2023 accident, what medical care he needed, or any other information suggesting he had an objectively serious medical need. *De Rossitte v. Correct Care Sols., LLC*., 22 F4th 796 (8th Cir. 2022) (a medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or one "so obvious that even a layperson would easily recognize the necessity for a doctor's attention"). And, deliberate indifference is a high standard that goes well beyond negligence or gross negligence. *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, there must be facts suggesting defendants "recognized that a substantial risk of harm existed <u>and</u> knew that their conduct was inappropriate in light of that risk." *Shipp,* 9 F.4th at 703 (emphasis in the original). This level of mental culpability is "akin to criminal recklessness." *Id*. Plaintiff says he made a verbal "accident/injury report" to Defendants Yangus and Jones. (Doc. 2 at 5-6.) But he has not provided any facts suggesting they, subjectively, recognized a substantial risk of harm existed if Plaintiff did not get immediate medical care and knew their conduct was in appropriate in light of that risk. Finally and importantly, Plaintiff admits he left the CCDC the day after his accident, and he has not provided any facts suggesting he was harmed by the one-day delay in receiving medical care. *See Jackson v. Riebold*, 815 F.3d 1114, 1119-20 (8th Cir. 2016)

(to establish a plausible constitutional claim, the prisoner must have been harmed by the delay in medical care); *Redmond v. Kosinski*, 999 F.3d 1116, 1121 (8th Cir. 2021) (dismissing an inadequate medical care claim when prisoner was not harmed by four-day delay in receiving medical care). Thus, while I am sympathetic to Plaintiff's medical condition and needs, the requirements for pleading a plausible constitutional claim are high and the facts pled here do not meet that standard.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 11th day of April 2023.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE